IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TOMMY L. JONES, JR., | § | |
| Plaintiff, | § | |
| | § | |
| | § | CIVIL ACTION NO. |
| v. | § | |
| | § | 3:08-cv-1109-M |
| E-Z MART STORES, INC., | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's Motion to Transfer Venue. Having considered Defendant's Motion and the Response, the Court is of the opinion that Defendant's Motion should be **GRANTED**.

### Background

Plaintiff filed this suit in the Dallas Division of the Northern District of Texas against E-Z Mart Stores, Inc. ("E-Z Mart"), alleging violations of Title VII of the Civil Rights Act, 42 U.S.C. 2000e, *et. seq*. Plaintiff was employed by E-Z Mart as a maintenance helper at E-Z Mart's Texarkana facility. Plaintiff alleges that during his employment he was subjected to racial slurs and harassment by coworkers at the Texarkana facility and again during a trip to Lake Charles, Louisiana, and that Plaintiff's wife was subjected to racial slurs made by Plaintiff's supervisor. Plaintiff also alleges that when his wife complained to E-Z Mart about the treatment the two had received, Plaintiff was fired. Plaintiff timely filed a complaint of race discrimination with the Equal Employment Opportunity Commission ("EEOC") and received a Notice of Right to Sue.

1

E-Z Mart now moves the Court to transfer the case to the Eastern District of Texas, Texarkana Division, asserting that it would be the clearly more convenient forum for the parties and witnesses. E-Z Mart asserts that practically all the relevant witnesses and documents are located close to the E-Z Mart offices in Texarkana. E-Z Mart also notes that all of the alleged conduct complained of occurred in Texarkana or Louisiana, and that there is no substantial connection between this case and Dallas. Plaintiff opposes the transfer, claiming that the presumption that Plaintiff's choice of forum is entitled to has not been overcome by Defendant's submissions, and that Plaintiff is the only important witness whose convenience should be considered. Plaintiff also claims that the basis of the claim originated, at least legally, with the issuance of the Right to Sue Letter by the EEOC Office in Dallas.

## Analysis

A district court may transfer any civil case "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought."[1] The law requires that the transferee district must be one where a plaintiff could have originally brought the case.[2] Plaintiff does not dispute that the suit could have originally been filed in the Eastern District of Texas, where E-Z Mart has its headquarters. When a motion is brought challenging a plaintiff's chosen forum, the defendant has the burden of demonstrating why the forum should be changed.[3] "The party seeking a change of venue must demonstrate that the balance of convenience and justice weighs heavily in favor of transfer."[4]

---

[1] 28 U.S.C. §1404(a).
[2] *Eastman Med. Prod., Inc. v. E.R. Squibb & Sons, Inc.*, 199 F. Supp. 2d 590, 595 (N.D. Tex. 2002) (Lynn, J.).
[3] *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966).
[4] *Von Graffenreid v. Craig*, 246 F. Supp. 2d 553, 563 (N.D. Tex. 2003) (Kaplan, Mag. J.) (internal citations omitted).

A district court must consider a number of private and public interest factors when determining whether to grant a motion to transfer.[5] The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive.[6] The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems regarding conflict of laws or the application of foreign law. The Court finds that both the private and public interest factors favor Defendant.

*1. Private Interest Factors*

E-Z Mart relies on two principal points in claiming the private interest factors support a transfer. First, E-Z Mart claims that its relevant witnesses live much closer to Texarkana than Dallas, making it easier and less expensive for them to testify in Texarkana rather than in Dallas. These witnesses include E-Z Mart employees who will testify regarding the alleged mistreatment of Plaintiff in Texarkana, E-Z Mart employees who will testify regarding the alleged mistreatment of Plaintiff in Louisiana, and the E-Z Mart employee whose decision it was to fire Plaintiff. Second, E-Z Mart contends that all the records concerning Plaintiff's employment are located at the E-Z Mart offices in Texarkana, Texas.

In opposition, Plaintiff argues that Plaintiff's choice of forum should be given enough presumptive weight to overcome the issues cited by Defendant. Additionally, Plaintiff claims that he is entitled to summary judgment based on the EEOC's Determination letter, and therefore

---

[5] *Action Industries, Inc. v. U.S. Fidelity & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004).
[6] *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004).

"it is difficult to see how there is any key witness other than Plaintiff himself . . . ." (Plaintiff's Response in Opposition, p. 4). Finally, Plaintiff claims that all the evidence necessary to resolve the case on summary judgment or at trial is located at the Dallas District Office of the EEOC, and not in Texarkana.

It is the Court's view that the private interest factors weigh heavily in favor of Defendant. First, trial in Texarkana is far more convenient to the relevant witnesses. Defendant's affidavits show that all of E-Z Mart's witnesses live within 50 miles of Texarkana. Of the three E-Z Mart employees expected to testify about Plaintiff's alleged mistreatment at the maintenance facility, one lives in Texarkana, Texas, another lives within 30 miles of the city, and the third lives in Texarkana, Arkansas. There are two witnesses with knowledge of the Plaintiff's treatment in Louisiana, and one lives in Texarkana, Arkansas and the other within 50 miles of Texarkana, Texas. The three E-Z Mart employees planning to testify about Plaintiff's work in Louisiana live within Bowie County, Texas, the county in which Texarkana is located. Finally, the E-Z Mart employee whose decision it was to fire Plaintiff lives in Texarkana. All of these witnesses would need to travel more than 150 miles, to Dallas, to testify, and their appearances could not be compelled by Defendant.

Plaintiff does not seriously dispute the inconvenience to these witnesses if called, but rather, disputes that they will be required to testify at all. Despite Plaintiff's predictions of a summary judgment victory, if the case goes to trial these witnesses would be called to testify. It would be unnecessarily burdensome to require the witnesses to travel much farther than needed when there is a suitable forum close by.

The only person whose travel would be lengthened by a transfer is Plaintiff's attorney, W.D. Masterson, of Dallas. While this issue might fall under the fourth private interest factor,

Mr. Masterson, unlike E-Z Mart's witnesses, accepted the case willingly and, as an attorney, knew or should have known of the substantial possibility of transfer to Texarkana.

In addition, the E-Z Mart employment records are in Texarkana. If, as seems likely, they are required to be produced and introduced at trial, it would be easier to do so if the trial were in Texarkana. While it is true that Plaintiff received his Right to Sue Letter in Dallas, that fact is uncontroverted and in no way supports venue in Dallas. The private interest factors clearly favor transfer.

### 2. *Public Interest Factors*

As for the public interest factors, neither party asserts that the Texarkana docket is more crowded than the Dallas docket, and so that factor does not favor one side or the other. Likewise, each federal district court is equally skilled at applying federal employment law, and neither court would apply a foreign law or have a significant conflict of law issue. However, as Defendant argues, Texarkana does have an interest in deciding issues arising from the conduct of its citizens, especially when it comes to matters of public concern, such as employment discrimination and retaliatory firings. Plaintiff's only counter-argument is that Plaintiff will prevail on summary judgment. Again, that conclusion is very premature at this stage of the proceedings, and, even if it were true, Plaintiff has not demonstrated that it would cause any hardship to Plaintiff for the case to be transferred to Texarkana.

### Conclusion

Having considered the private and public factors, the Court is of the opinion that the Eastern District of Texas is clearly a more appropriate forum for the trial of this case. Accordingly, Defendant's Motion to Transfer Venue is **GRANTED** pursuant to 28 U.S.C. § 1404(a).

**SO ORDERED.**

September 12, 2008.

_____
**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**